Paul C. Wilson, Judge,
concurring
I concur in the result reached in the opinion of the Court and in much of its reasoning. I write separately, however, to address the question of whether the defect in the judgment on which the Court’s disposition of this case turns was (or was not) preserved for appellate reviéw. The per curiam opinion holds that it was, and the dissenting opinion by Judge Fischer would hold it was not. In my view, whatever the relative merits of these arguments in other contexts, neither is relevant here. ■
Simply stated, the Missouri Petroleum Storage Tank Insurance Fund (“PSTIF”) is not a legal entity. It is a thing. As a result, one cannot sue the PSTIF, and any judgment resulting from such a suit (i.e., a judgment purporting to determine the rights, interests, and obligations of the PSTIF) is a nullity. It is no more valid than a judgment purporting to determine the rights, interests, and obligations of a “keg o’ nails” or a bowl of soup. Whether such a defect is pointed out now or in the *754 future (when, for instance, someone seeks to enforce that judgment) is immaterial because there is nothing to enforce.
On direct appeal, rules concerning preservation serve to limit the claims of trial court error that may be reviewed. Once such a claim is waived (either because a party failed to preserve it below or failed to pursue it on appeal) or the claim is passed upon and rejected by the appellate court, the judgment cannot be collaterally attacked on that basis. But such rules of preservation and abandonment have no impact on whether a judgment, on its face, is a nullity. To be sure, the particular type of fundamental defect present in this case is rare and, perhaps, sui generis. But it also is inescapable. Accordingly, I would hold that the Court has both the authority and the duty-to identify and act upon such a fundamental defect .regardless of whether or how it was raised below or on appeal.[1] In all other respects, I join the Court’s opinion.

.Because the judgment against the PSTIF is a nullity, the portion of that judgment purporting to hold “it” liable for compensatory damages is of no more effect than the portion purporting to hold “it” liable for punitive damages. Moreover, just as the Court's authority and duty to identify and act upon this defect does not depend upon a party "preserving” the issue below, it does not depend upon a party raising the issue here. Accordingly, even though I agree with the Court’s opinion that vacating the judgment as to com- • pensatory damages may have little practical effect, I would vacate the judgment against the PSTIF in its entirety.